IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ALLEN R. HAKES,<br><br>    Plaintiff, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND MOTION TO DISMISS, DENYING PLAINTIFF'S EX POST FACTO MOTION TO AMEND, AND DENYING AS MOOT PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER |
|     vs. | |
| CENTENNIAL BANK, INC., et al.,<br><br>    Defendants. | Case No. 2:11-CV-1 TS |

The present matter is before the Court on several motions: Defendants Mortgage

Electronic Registration Systems, Inc., Deutsche Bank National Trust Company as Trustee for

BCAP LLC Trust 2007 - AA2, and ReconTrust Company, N.A.'s (collectively, "Defendants")

Motion to Strike or in the Alternative to Dismiss Plaintiff's Amended Complaint Pursuant to

Fed.R.Civ.P. 12(f) and (b)(6),[1] Plaintiff's Ex Post Facto Motion for Leave to Amend Complaint,[2]

Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6),[3]

and Plaintiff's Ex Parte Motion for Temporary Restraining Order.[4]

## I. THE AMENDED COMPLAINT

Defendants filed their Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on January

26, 2011.  Twenty-nine days later, on February 24, 2011, Plaintiff filed an Amended Complaint.

Prior to filing his Amended Complaint, Plaintiff did not seek leave from this Court or obtain

written permission from the Defendants.  Thereafter, on March 10, 2011, Defendants moved to

strike the Amended Complaint because it was beyond the time available under the Federal Rules

to file an amended complaint as a matter of course and Plaintiff had not sought leave from this

Court prior to filing the Amended Complaint.  On March 24, 2011—fourteen days after

Defendants filed their Motion to Strike and twenty-eight days since Plaintiff filed his Amended

Complaint—Defendant filed a motion entitled Ex Post Facto Motion for Leave to Amend

Complaint.  Therein, Plaintiff attempts to seek leave from this Court to file his already filed

Amended Complaint.

---

[1]Docket No. 19.

[2]Docket No. 23.

[3]Docket No. 11.

[4]Docket No. 25.

Under Fed.R.Civ.P. 15(a), a party may amend its pleading once as a matter of course within 21 days after the service of a motion under Rule 12(b).[5] Thereafter, "a party may amend its pleadings only with the opposing party's written consent or the court's leave."[6] By filing his Amended Complaint prior to seeking leave from this Court, Plaintiff clearly failed the requirements of the Federal Rules. In Plaintiff's memoranda seeking ex post facto leave to file its Amended Complaint, Plaintiff argues that his failure to comply with the federal rules should be excused in the interest of judicial economy. The Court finds that the interest of judicial economy are best served by upholding the clear and unequivocal deadlines contained in the Federal Rules. To hold otherwise would encourage a system where a party only seeks leave to amend if, and only if, the opposing party notices the untimely filing and moves to strike the amended pleading. Such a system is contrary to the clear language of Fed.R.Civ.P. 15(a), which allows amendment "*only with* the opposing party's written consent or the court's leave."[7] The Court will, therefore, strike Plaintiff's Amended Complaint and deny Plaintiff's efforts to retroactively excuse his failure to comply with the Federal Rules.

## II. MOTION TO DISMISS

Defendants move to dismiss Plaintiff's original complaint for failure to state a claim upon which relief can be granted. Defendants contend that each of the causes of action alleged in the Complaint have been repeatedly rejected by this Court and rely upon meritless misinterpretations

---

[5]Fed.R.Civ.P. 15(a)(1).

[6]*Id.* at 15(a)(2)

[7]*Id.* (emphasis added).

3

of case law and Utah statutes. The Court agrees. In reviewing Plaintiff's arguments, the Court finds no meaningful distinction between this cause of action and the numerous actions the Court has previously dismissed.[8] As persuasively demonstrated by Defendants in their memoranda, the present claims have been considered, and rejected, by this Court. The Court finds no reason to depart from its prior holdings that these claims fail as a matter of law.

Because Plaintiffs have failed to plead a cause of action upon which relief may be granted, the Court will grant Defendants' Motion to Dismiss.

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Strike or in the Alternative to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(f) and (b)(6) (Docket No. 19) is GRANTED. It is further

ORDERED that Plaintiff's Ex Post Facto Motion for Leave to Amend Complaint (Docket No. 23) is DENIED. It is further

ORDERED that Defendants' Motion to Dismiss for Failure to State a Claim Pursuant to Fed.R.Civ.P. 12(b)(6) (Docket No. 11) is GRANTED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE. It is further

---

[8]*See, e.g., Burnett v. Mortg. Elec. Registration Sys.,* 2009 WL 3582294 (D. Utah Oct. 27, 2009); *Rodeback v. Mortg. Elec. Registration Sys.*, 2010 WL 2757243 (D. Utah July 13, 2010); *Foster v. BAC Home Loan Servicing, LP*, 2010 WL 3791976 (D. Utah Sept. 22, 2010); *Van Leeuwen v. SIB Mortg. Corp.*, 2011 WL 13798 (D. Utah Jan. 4, 2011).

ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order (Docket No. 25) is DENIED AS MOOT.

The Clerk of the Court is directed to close the case.

DATED   May 23, 2011.

BY THE COURT:

_____

TED STEWART
United States District Judge